UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: POLYCHLOROPRENE RUBBER (CR) ANTITRUST LITIGATION | No. 3:05 MD-1642-(PCD) |
| THIS DOCUMENT RELATES TO: *Parker Hannifin Corporation, et al. v. Bayer AG, et al.,* | Case No. 3:05-CV-604-(PCD)  October 6, 2006 |

### PLAINTIFFS PARKER HANNIFIN CORPORATION'S AND POLYONE CORPORATION'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL DEFENDANTS DSM COPOLYMER, INC. AND DSM ELASTOMERS EUROPE B.V. TO PRODUCE DOCUMENTS AND ANSWER CERTAIN INTERROGATORIES

Prior to filing their motion to compel, Plaintiffs Parker Hannifin Corporation and PolyOne Corporation ("Plaintiffs") met and conferred with Defendants DSM Copolymer, Inc. and DSM Elastomers Europe B.V. ( "Defendants").  At the time of the meet and confer, Plaintiff The Goodyear Tire & Rubber Company ("Goodyear") and the EPDM Class Plaintiffs had already filed motions to compel discovery from Defendants seeking the same discovery that Plaintiffs now seek.  Nevertheless, Plaintiffs met and conferred with Defendants to see if they still maintained their objections stated in their oppositions to Goodyear's and EPDM Class Plaintiff's motions.  They did.  Accordingly, Plaintiffs filed their motion to compel.

Defendants now claim that because of various supplemental productions, Plaintiffs' motion somehow misrepresents the discovery dispute at issue.  Plaintiffs' motion does not.  Plaintiffs' motion seeks the production of the documents taken by

the European Commission and data from 2004 and 2005, both of which are readily available for production by Defendants and both of which *were not* the subject of any of Defendants' supplemental productions or responses.

## I. The Geographic Scope Of Plaintiffs' Requests Is Reasonable. *Empagran* Does Not Limit The Scope Of Plaintiffs' Discovery Requests.

Plaintiffs (as do Goodyear and the EPDM Class Plaintiffs) seek the EC documents because they have alleged a global conspiracy to restrain competition in the market for EPDM rubber, that is, that restraining competition in one part of the world, e.g., Europe, affects competition in another, e.g., the United States. Indeed, EPDM Class Plaintiffs' motion cites numerous examples of documents produced by several defendants which evidence that EPDM is a global market and the alleged conspiracy was global in scope. *See* EPDM Class Pls.' Mot. to Compel at 11-14.

Just like in its opposition to Goodyear's and the EPDM Class Plaintiffs' motions to compel, Defendants continue to misrepresent the effect of the Supreme Court's decision in *F. Hoffman-LaRoche, Ltd. v. Empagran, S.A.*, 542 U.S. 155 (2004) upon discovery in a civil antitrust case. As explained by both Goodyear's and Class Plaintiffs' counsel, *Empagran* involved an issue of subject matter jurisdiction over foreign purchases and simply does not apply to the discovery dispute pending before this Court. *See* Goodyear's Reply at 3-6, EPDM Class Pls.' Reply at 2-4. Accordingly, DSM's third attempt before this Court to contort *Empagran* as a shield against producing documents that are otherwise discoverable in a civil antitrust action should be rejected.

Defendants next argue that because the EC has elected not to proceed against them and the other alleged co-conspirators, Plaintiffs' discovery requests now lack merit. That the EC investigation (or any other investigation) has been closed without any charges being filed simply has no bearing on the merits of Plaintiffs' claims and no effect on Plaintiffs' rights to discovery. *See, e.g.*, *In Re*

*High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 664-65 (7th Cir. 2002), *cert. denied, sub. nom. Archer Daniels Midland Co. v. Dellwood Farms, Inc.*, 537 U.S. 1188 (2003) (stating reasons why the failure to prosecute has no probative value in a civil antitrust case); *In Re Vitamins Antitrust Litig.*, No. Misc. 99-197, 2000 WL 1475705, at *11 (D.D.C. May 9, 2000) (same); *In Re Carbon Black Antitrust Litig.*, Memorandum and Order, at 4 (citing reasons that non-prosecution does not mean a determination of innocence has been made).[1]

Lastly, Defendants argue that because the EC investigation focused on behavior that impacted its European members' states' markets, the documents Defendants have turned over to the EC have no bearing on Plaintiffs' claims here in the United States. Once again, as noted above, documents produced by various defendants in this case evidence a global market for EPDM and a global conspiracy. Defendants' effort to unilaterally compartmentalize Plaintiffs' discovery of the alleged conspiracy should be rejected. *See Continental Ore Corp. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 695 (1962) cited in Goodyear's Reply at 3.

As Defendants have admitted, there exists a distinct set of documents – those produced by Defendants to the EC – which Plaintiffs have requested but have not received. *See* Defs.' Opp. at 5 n.3 (noting that if ordered DEE is willing to turn over the documents taken by the EC). Defendants' burden in producing those discoverable documents is limited. They should be required to produce them to Plaintiffs.

## II.  The Temporal Scope Of Plaintiffs' Requests Is Reasonable.

In addition, Plaintiffs seek the production of data from 2004 and 2005 in order to assist their expert(s) in determining damages. Because Defendants have represented that the data does not exist for the years prior to the alleged

---

[1] Copies of all unreported decisions are attached to this Reply as exhibits.

conspiracy, Plaintiffs have insisted on receiving additional post-conspiracy data. Indeed, Plaintiffs argue that this information is "routine" because in civil antitrust actions numerous cases have so held – a point on which Defendants are remarkably silent. *See* Goodyear Reply at 7-8. Apparently recognizing that Plaintiffs are entitled to data from outside the conspiracy period, Defendants' response is to simply argue that they have elected to produce 2003 data (one extra year) and that is enough for Plaintiffs. Defendants also argue that Plaintiffs have failed to articulate a reason why they need the 2004 and 2005 data. Contrary to Defendants' arguments Plaintiffs have articulated reasons why the 2004 and 2005 data will assist their expert(s) in determining damages. *See* Goodyear Reply at 7-8. It is Defendants who have not articulated a good reason why their judgment that one additional year of post-conspiracy data should be enough. And it is Defendants that have wholly ignored the numerous cases cited in Goodyear's Reply in which courts have routinely granted discovery for 5 or more years both before and after the alleged conspiracy period based on the same reasons articulated by Plaintiffs. *See id.*

Defendants have already produced their electronic transactional data from 2003. There is little burden for them to produce data from 2004 and 2005, especially since they have represented that data from before the alleged conspiracy is unavailable.

### III. Conclusion

In sum, while Defendants try to confuse the issues with meaningless counter-assertions, it is beyond dispute that Defendants have not produced discoverable documents and information to the Plaintiffs.

Dated: October 6, 2006				Respectfully submitted,
       Chagrin Falls, Ohio

/s/Walter W. Noss
Edmund W. Searby
Walter W. Noss
SCOTT + SCOTT, LLC
33 River Street
Chagrin Falls, Ohio 44022
Telephone: (440) 247-8200
Facsimile: (440) 247-8275
Email:   esearby@scott-scott.com
         wnoss@scott-scott.com

David R. Scott
Denise V. Zamore
SCOTT + SCOTT, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, Connecticut 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
Email:   drscott@scott-scott.com
         dzamore@scott-scott.com

*Attorneys for Plaintiffs Parker Hannifin Corporation and PolyOne Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2006, a copy of Plaintiffs Parker Hannifin Corporation's and PolyOne Corporation's Reply in Further Support of Their Motion to Compel Defendants DSM Copolymer, Inc. and DSM Elastomers Europe B.V. to Produce Documents and Answer Certain Interrogatories was electronically filed with the Court.  Notice of this filing will be sent to all parties via the Court's electronic filing system.  Parties may access a copy of this filing on the Court's system.

        */s/Walter W. Noss*
        *An Attorney for Plaintiffs Parker Hannifin Corporation and PolyOne Corporation*