UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| IN RE POLYCHLOROPRENE RUBBER | : | |
| (CR) ANTITRUST LITIGATION | : | Docket No. 3:05 MD 1642 (SRU) |
| | : | |
| THIS DOCUMENT RELATES TO | : | ALL ACTIONS |
| | : | |

## NOTICE TO COUNSEL

Michael P. Shea and Jason S. Weathers of Day Pitney, LLP ("Day Pitney") have entered appearances in this case. Because I am a former partner of Day, Berry & Howard, LLP ("Day, Berry"), a predecessor to Day Pitney, the filing of those appearances requires me to consider recusing myself from this case. For the first five years that I served as a judge, I automatically recused myself from all cases in which any lawyer from Day, Berry appeared. Since September 2004, I have decided on a case-by-case basis whether to recuse myself from cases in which lawyers from Day, Berry – now Day Pitney – enter appearances.

Upon examination of the particular circumstances of this case, I do not believe that I should recuse myself. This notice is intended to provide all parties in the case with sufficient information to evaluate whether to move for my disqualification from this case, and to permit the early filing of any such motion, thereby avoiding the waste of judicial resources that would result from disqualification after I had devoted significant time and attention to this case.

Background

I joined Day, Berry as an associate in September 1985 and became a partner in October 1991. I worked out of the Stamford, Connecticut office of Day, Berry, and throughout my career

there handled various types of commercial litigation. I resigned from the Day, Berry effective August 31, 1999. All sums due to be paid to me from the firm were paid by early January 2000. I have been provided no financial incentive to return to the Day, Berry should I ever leave the bench, and, in any event, the chances of my leaving the bench are remote.

Day, Berry was – and Day Pitney is – a large firm by Connecticut standards, and most of its lawyers do not work out of the Stamford office. My relationship with most of my former partners was, accordingly, less close than if the firm had been smaller and more centralized. Indeed, I had minimal contact, professionally or socially, with the vast majority of lawyers who worked at Day, Berry while I did. Moreover, I do not believe that I know any lawyers from the former Pitney Hardin firm, with which Day, Berry merged. Even before that merger, a significant percentage, if not a majority, of the lawyers affiliated with Day, Berry had joined the firm after I resigned. Following the merger, which essentially doubled the size of my former firm, it is safe to say that I have never met a significant majority of the lawyers working at Day Pitney.

Since I resigned from Day, Berry, that firm has provided me with two benefits. Day, Berry had a practice of inviting its former partners who no longer practiced law to attend an annual partner retreat. In the fall of 1999 and 2000, I accepted invitations to attend the Day, Berry partner retreats, receiving on each occasion a complimentary weekend of food and lodging. I received but declined invitations to the partner retreats in more recent years, up to and including 2004. In late 2002 and early 2003, Richard Colbert of Day, Berry represented my wife and me in connection with an appeal of our municipal property tax assessment. That representation ended in March 2003. Attorney Colbert did not bill my wife and me for his services, which would have

cost us just over $2,000 in fees and expenses.

Discussion

A federal judge's recusal from cases in which a lawyer from his former firm appears is addressed by Canon 3 of the Code of Judicial Conduct and by Advisory Opinion No. 24 (Sept. 1, 1972; revised July 10, 1998) issued by the Judicial Conference Committee on Codes of Conduct. Both of those authorities suggest that, for at least two years after taking the bench, a judge should recuse himself from cases in which his former firm appears. "The Committee recommends that judges consider a recusal period of at least two years, recognizing that there will be circumstances where a longer period may be more appropriate." Advisory Opinion No. 24. The Committee on Codes of Conduct's Compendium of Selected Opinions ("Compendium") provides that: "A judge must recuse in all cases handled by the former law firm until all payments due the judge have been received, and for a reasonable period of time thereafter. . . . Recusal after payments end is necessary only if the reasonable period needed to allay impartiality concerns (generally, at least two years) exceeds the financial payment period." Compendium, § 3.3-1(b) (1999). Moreover, "[a]fter 15 years on the bench, a judge need not recuse from cases handled by the judge's former law firm." *Id.*, § 3.3-1(e).

I have now been a judge for over seven years. Accordingly, I am beyond the two-year recommended minimum period of recusal, but not yet to the fifteen-year safe harbor when recusal becomes presumptively unnecessary. I believe that I can impartially hear most cases in which Day Pitney lawyers appear. Moreover, I believe that there is no appearance of impropriety in my doing so. Notably, I have not worked with Day Pitney lawyers for over seven years – a period more than three times as long as the period during which I recuse from cases handled by

3

my former law clerks, with whom I necessarily worked closely every day of their clerkships.

Instead, I now decide whether to recuse myself from cases in which Day Pitney lawyers appear based upon an examination of the particular circumstances of each case. "How long a judge should continue to recuse depends upon various circumstances, such as the relationship the judge had at the law firm with the lawyer appearing before the judge, the length of time since the judge left the law firm, and the relationship between the judge and the particular client and the importance of that client to the firm's practice. . . . In all cases in which the judge's former law firm appears before the judge, the judge should carefully analyze the situation to determine whether his or her participation would create any appearance of impropriety." Advisory Opinion No. 24.

After considering all of the circumstances of the present case and my past relationships with Day, Berry and Attorneys Shea and Weathers, I conclude that there is no appearance of impropriety in my hearing this matter and, accordingly, that I should not recuse. During my years with Day, Berry I knew Attorney Shea, but do not remember ever working directly with him on any case. Attorney Shea and I worked in different offices of Day, Berry. I did not know Attorney Weathers. My social relationship with Attorney Shea was limited to firm functions, and did not continue after I took the bench. Neither Attorney Shea nor Attorney Weathers had any involvement in the representation by Day, Berry arising out of my property tax dispute and, in any event, that representation ended several years ago. I recall having no relationship whatsoever with Polimeri Europa S.P.A. and Polimeri Europa Americas, Inc., the parties now represented by Attorneys Shea and Weathers. I have no recollection that Polimeri Europa S.P.A. or Polimeri Europa Americas, Inc. were clients of Day, Berry, much less particularly important clients,

during my tenure there.  Finally, I have learned nothing about this case that would suggest it is "so closely related to a matter handled by [my] former firm while [I] was there that it should be considered the same matter in controversy (i.e., common parties, overlapping factual issues, and the decision will have preclusive effect)."  Compendium, § 3.3-1(j).

Federal judges have an obligation to recuse themselves whenever their impartiality could reasonably be questioned, but they also have an obligation not to recuse themselves when circumstances do not require it.  *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.").  Considering all the circumstances, I believe I remain obligated to hear this case.  Accordingly, I do not intend to recuse myself sua sponte.

Conclusion

Having examined this matter carefully, I conclude that I should not recuse myself from this case.  I do recognize, however, that one or more of the parties to this case may wish to seek my disqualification.  Any party wishing to file a motion based on facts disclosed in this Notice should do so within thirty days from the docketing of this Notice.  Any party wishing to bring to my attention facts that I have overlooked or about which I may be unaware may do so at any time, but should do so promptly after learning those facts.  Upon receipt of any such motion or additional facts, I will consider the question of recusal anew.

Issued at Bridgeport, Connecticut this 14th day of February 2007.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge